(No. 22779.— )
CLAIRE BAKER, Appellee, *vs.* EDWARD J. HINRICHS, Appellant.

*Opinion filed December 20, 1934—Rehearing denied Feb. 12, 1935.*

ROBERT W. BESSE, for appellant.

MARTIN J. GANNON, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On April 14, 1934, an election for school director was held in school district 31 in South Dixon township, in Lee county. Claire Baker, the appellee, and Edward J. Hin-

richs, the appellant, were the two candidates. The election judges canvassed the ballots and found that a total of fifty-seven ballots had been cast and that the appellee received twenty-six and appellant thirty-one votes. After being challenged, ten voters furnished the requisite affidavits, and although challenged again they were permitted to vote. The parties stipulated that three voters, viz., Jerry Urine, Robert Anderson and Lawrence Delhotal, were challenged on behalf of the appellant and that they voted for the appellee. A similar stipulation was made as to the seven persons who were challenged on behalf of the appellee, except that it was stipulated that they voted for the appellant. The appellee filed a petition to contest the election in the county court of Lee county May 10, 1934. It contained the usual allegations of illegal voting and improper counting and canvassing of the ballots. It alleged that upon a re-count the appellee would be shown to have been elected. The appellant filed his answer. Evidence was heard, a re-count of the ballots was had, and the court entered an order by which it found that Joe Robinson, Norma Barth, Theodore Barth, Larkin Crawford, Charles Weems and James Weems had no legal right to vote at the election; that this "gives Claire Baker twenty-six votes and Edward J. Hinrichs twenty-five votes," and the appellee was declared elected to the office, etc. Hinrichs brings the case here by appeal.

To decide this case it is only necessary to determine whether the evidence supports the finding of the court that the six persons named had no right to vote in the school district at the election in question.

The testimony shows that J. W. Pine was a school director in the district and that his wife had been teaching school there for ten years. The testimony does not show any connection between Pine and the appellant, although it is assumed in the argument of counsel for the appellee that Pine was supporting Hinrichs, and the inference is

made that this was to Pine's benefit. No evidence was educed to show that Hinrichs caused any voter to come into· the district, but it is shown that Mrs. Mabel Pine got one woman to come to her home and assist her with her housework. No question has been properly preserved in this record as to the right of this woman to vote. It is also shown that Pine employed Theodore Barth to work for him on Pine's farm and furnished him a house in which to live. The Barths moved from the home of Peter Barth to this house on March 14, 1934, but they had moved into the district from Dixon, in the same county, on March 10, 1934. Pine had paid a year's rent of $100 in advance, and the Barths were still living in this house at the time the case was tried. The only testimony tending to show that Theodore Barth was not entitled to vote was that he had made one or two attempts, after he moved to this house, to obtain relief in the township where he formerly lived. It is also shown that Pine paid Barth $30 a month as wages.

Without objection the appellee read in evidence the record of the cradle roll of the First Congregational Church of Dover, which purported to show that Norma Barth was born on July 4, 1914, and the attendance record of school district 71 in Bureau county for the school year 1920 and 1921, which purported to show that she was then in the first grade and that her age in 1920 was six years. The attendance record of school district 76 in Bureau county was also read into the record. This purported to show that in September, 1928, she was in the eighth grade and that her age was fourteen. It was stipulated that if her mother were present she would testify that her daughter, Norma Barth, was born on July 4, 1912. Norma Barth testified as one of the appellee's witnesses. She said that she was born on July 4, 1912. It was stipulated that the record shows that Theodore R. Barth and Norma F. Kiser applied for a marriage license on April 4, 1931, and that

Norma Kiser was eighteen years old on July 4, 1930. There is a clear preponderance of the evidence to show that Norma Barth was of voting age at the time of this election.

The testimony shows that Joseph Robinson was a disabled veteran who had lived in Dixon for two years. He went to live at the Pine home on March 14, 1934. He was called as a witness by the appellee and testified that he intended to make his permanent home with the Pine family when he went to their farm to live. He was living there when the case was tried and he was assisting with the work to pay for his board. The appellee sought to show that he had reserved a room at the home of Mrs. Gleim, where he had been rooming in Dixon, but he denied this. Mrs. Gleim testified that when Robinson left her house he did not reserve this room. He did state that he would like to get the room again in case he returned to Dixon. She admitted that she had a telephone conversation with Robinson shortly before the case was tried and that in this conversation he told her he would not want her to hold the room for him.

As to Larkin Crawford, James Weems and Charles Weems the testimony shows that they were living with the Barths when the latter moved to the home of Peter Barth, Theodore's father. They went there with the Barths and later lived at the house Pine furnished Theodore Barth. They left about April 20. Pine testified as a witness for the appellee and stated that he did not employ these men. He also said that he had nothing to do with their moving into the school district and that he knew nothing as to their purpose in moving there.

All the witnesses who testified were called on behalf of the appellee. No witnesses were called by the appellant. The appellee vouched for and called as witnesses Joseph Robinson, Norma Barth, Theodore Barth and Larkin Crawford. If their testimony is true they were entitled to vote. The appellee also called Mr. and Mrs. Pine, but

their testimony shows that they had no special interest in the election and that their acts in no way tended to cause anyone to vote at this election who had no legal right to do so.

The appellee also called Henry C. Warner, Charles Weems, (the father of James and Charles Weems, whose right to vote was questioned,) Mrs. Gleim and Helen Wernick. Their testimony contradicted the testimony of the other witnesses as to some details and immaterial matters, but there was nothing in their testimony to show that the appellant was acting through or in concert with Pine, or that the appellant or Pine induced any of the persons named to move into the school district for the purpose of fraudulently voting there.

The party who files a petition to contest an election has the burden of proving the allegation that votes were cast illegally. (*Dorsey* v. *Brigham,* 177 Ill. 250.) The record here does not show sufficient proof of this allegation. This is particularly true in the case of Theodore Barth, Norma Barth, his wife, and Joseph Robinson.

Although a proceeding to contest an election is statutory, and the finding of a trial judge, who saw and heard the witnesses, will not be disturbed on appeal unless it is palpably against the weight of the evidence, (*Porter* v. *Greening,* 347 Ill. 434,) the finding of the trial court in the case before us is manifestly against the weight of the evidence. There is not a sufficient basis in the testimony to support the inferences sought to be made in counsel's argument.

The order and judgment appealed from are reversed and the cause is remanded, with directions to the county court to enter an order and judgment declaring the appellant to have been elected to the office of school director within and for district 31 in South Dixon township, Lee county, Illinois.

*Reversed and remanded.*